**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2155-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ELBY RODRIGUEZ, a/k/a
JESUS MATOS, and
JESUS MATOS TURBI,

    Defendant-Appellant.

_____

        Submitted September 28, 2022 – Decided October 12, 2022

        Before Judges Whipple and Mawla.

        On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 04-11-2231.

        Joseph E. Krakora, Public Defender, attorney for appellant (Phuong V. Dao, Designated Counsel, on the brief).

        Matthew J. Platkin, Acting Attorney General, attorney for respondent (Ashlea D. Newman, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Elby Rodriguez appeals from the November 16, 2020 denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm for the reasons expressed in the well-reasoned written decision of Judge James X. Sattely.

Defendant raises the following arguments in support of his appeal:

POINT I:

DEFENDANT'S PCR CLAIM IS EXEMPT FROM THE TIME BAR UNDER [RULE] 3:22-12.

POINT II:

BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, HE WAS DENIED DUE PROCESS, AND THEREFORE, HE IS ENTITLED TO POST-CONVICTION RELIEF.

a. Trial counsel failed to advise defendant of the immigration consequences. Not raised below.

POINT III:

DEFENDANT HAS MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF COUNSEL, AND THUS, THE PCR COURT ERRED IN NOT GRANTING AN EVIDENTIARY HEARING.

A-2155-20

On April 11, 2004, a Bergen County grand jury indicted defendant on three counts: second-degree conspiracy to enter a structure with the purpose to commit an offense therein, N.J.S.A. 2C:5-2; third-degree burglary, N.J.S.A. 2C:18-2 and 2C:2-6; and second-degree theft in the amount of $75,000 or more with the intent to deprive the owner thereof, N.J.S.A. 2C:20-3 and 2C:2-6.

Defendant entered into a plea agreement on May 24, 2005, wherein he pled guilty to second-degree conspiracy. In return, the State agreed to dismiss the other two charges and recommend a sentence in the third-degree range of four years, to run concurrently with a sentence arising out of Passaic County. The plea form included "Question 17," which asked defendant if he understood that pleading guilty may lead to his deportation. At the time, defendant—a lawful permanent resident from the Dominican Republic—could not read or write in English, the language of the plea form. The form was translated for him, and defendant testified at the plea hearing that he understood it and signed it freely and voluntarily. Defendant testified he conspired with his co-defendants to commit a burglary and that he acted as the lookout while one of his co-defendants climbed through the window of the residence they targeted.

The plea judge also asked defendant about his immigration status and twice warned that he could be deported as the result of the plea which

3

defendant acknowledged. The court sentenced defendant according to the terms of the plea agreement on August 19, 2005.

Fourteen years later, in December 2019, U.S. Immigrations and Customs Enforcement (ICE) arrested defendant and detained him. He filed a pro se PCR petition the same month, asserting his counsel failed to advise him that pleading guilty would result in automatic deportation and incorrectly advised defendant that he would be eligible for parole after nine months when in fact he would only be eligible after nineteen months.

The court assigned counsel for defendant, who filed a brief and an amended petition raising the new assertion defendant was innocent of the offense for which he pled guilty. Defendant asserted that he did not know that his co-defendant was committing a burglary. He said that the co-defendant told him that the house was his former residence, and that he was only entering to pick up his own belongings, which he had left there. Defendant claimed he pleaded guilty because jail was too difficult for him and trial counsel advised defendant he had no defense and never discussed immigration consequences with him. Defendant submitted an affirmation asserting he would not have pleaded guilty to the second-degree conspiracy charge if his attorney had discussed the immigration consequences with him.

4

Judge Sattely heard argument in October 2020 and thereafter issued the order and written opinion denying the petition. The court found the petition time-barred under Rule 3:22-12 because defendant filed it fourteen years after his conviction and presented no evidence of excusable neglect. Nonetheless, Judge Sattely wholly addressed the issues raised in the petition and found defendant's ineffective assistance of counsel claims were without merit because his trial counsel's performance was not deficient under the Strickland[1] standard and he presented no evidence that, but for his counsel's alleged error, he would not have pleaded guilty. Judge Sattely also found, based on the record of the proceedings, the plea was voluntary, knowing, and intelligent. Because defendant did not establish a prima facie case for ineffective assistance of counsel, the court declined to hold an evidentiary hearing. This appeal followed.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). PCR provides "a built-in 'safeguard that ensures that a defendant was not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)). An

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

appellate court defers "to the PCR court's factual findings" and "uphold[s] . . . findings that are supported by sufficient credible evidence in the record." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Nash, 212 N.J. at 540). However, a PCR court's interpretation of the law is reviewed de novo. Nash, 212 N.J. at 540-41.

Rule 3:22-12 requires that a first petition for PCR be filed within five years of the entry of the judgment of conviction, unless the defendant "alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice. . . ." R. 3:22-12(a)(1)(A) (emphasis added). A court "should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).

Defendant asserts that "petitioners are rarely barred from raising ineffective-assistance-of-counsel claims on post-conviction review." Preciose, 129 N.J. at 459-60. However, the Preciose Court was addressing Rule 3:22-4,

which bars defendants from bringing claims that could have been raised at trial or on direct appeal, subject to certain exceptions. Id. at 459-60. So, while defendant cites this as support for not enforcing the time bar in Rule 3:22-12, his argument is misplaced. A defendant cannot circumvent the time bar in Rule 3:22-12 simply by raising an ineffective assistance of counsel claim. See, e.g., State v. Brewster, 429 N.J. Super. 387, 390-92 (App. Div. 2013) (finding that petition alleging ineffective assistance of counsel was untimely filed under R. 3:22-12).

"Excusable neglect" is "more than simply providing a plausible explanation for a failure to file a timely PCR petition." Norman, 405 N.J. Super. at 159. To show that fundamental injustice would occur if the petition was time barred, the petitioner must show that the alleged error "'played a role in the determination of guilt.'" Brewster, 429 N.J. Super. at 401 (quoting Nash, 212 N.J. at 547).

Defendant was convicted in September 2005 but did not file his petition for PCR until December 2019, nine years after the allotted time for filing a PCR petition expired. The PCR judge found that defendant "offer[ed] no justification or facts which would demonstrate excusable neglect" and thus his petition was time barred. The issue of timeliness was not addressed in any of

7

defendant's PCR petition documents. At the PCR hearing, defendant's counsel told the court he did not receive reasons for the delay from defendant, and he conceded there were no facts to support excusable neglect.

Defendant asserts that his counsel failed to discuss the immigration consequences of his guilty plea with him, and that he was unaware of this error until ICE arrested him in 2019. Therefore, he could not have filed a petition for PCR until 2019. However, he knew that deportation was a possible result of his guilty plea when he signed the plea form after going over it with an interpreter, and when he acknowledged it during the plea hearing. Defendant has known he may be deported as early as 2005 (and possibly earlier because U.S.I.N.S.[2] filed a detainer in October 2004, a month after his arrest for the burglary).

Defendant contends that "a manifest injustice occurred because the time bar would deny [d]efendant his constitutional right to effective assistance of counsel." Enforcing the time bar will not result in fundamental injustice. The alleged error did not "play[] a role in the determination of guilt." Brewster, 429 N.J. Super. at 400-01. Defendant does not raise innocence in this appeal, despite raising it in his amended petition.

---

[2] The United States Immigration and Naturalization Service.

To succeed on an ineffective assistance of counsel claim, a defendant must satisfy the two-part test under Strickland:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. . . . Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.
>
> [State v. Fritz, 105 N.J. 42, 52 (1987) (second alteration in original) (quoting Strickland, 466 U.S. at 687).]

For pleas entered before 2010, New Jersey law distinguishes between counsel's affirmatively misleading or inaccurate deportation advice and counsel's failure to provide any deportation advice at all. In Padilla v. Kentucky, the United States Supreme Court held counsel's failure to inform a defendant of the immigration consequences of a guilty plea satisfies the first prong of the Strickland analysis. 559 U.S. 356, 371 (2010). However, in State v. Gaitan, 209 N.J. 339 (2012), the Supreme Court of New Jersey held Padilla is not retroactive under either federal or state law. Id. at 373; see also Chaidez v. United States, 568 U.S. 342, 347 (2013) (holding Padilla is not retroactive under federal law). Thus, courts must analyze ineffective assistance of counsel

9

claims based on guilty pleas entered before <u>Padilla</u> was decided in 2010 using the standard articulated in <u>State v. Nuñez-Valdéz</u>, 200 N.J. 129 (2009). <u>Gaitan</u>, 209 N.J. at 373-74.

In <u>Nuñez-Valdéz</u>, our Supreme Court held it was ineffective assistance of counsel to offer a defendant misleading or inaccurate deportation advice regarding a guilty plea. 200 N.J. at 140-43. This decision was based on law already established in New Jersey, holding that counsel who offered inaccurate or misleading advice risks providing ineffective assistance of counsel. <u>Gaitan</u>, 209 N.J. at 351-52 (citing <u>State v. Bellamy</u>, 178 N.J. 127 (2003); <u>State v. Howard</u>, 110 N.J. 113 (1988); <u>State v. Chung</u>, 210 N.J. Super. 427 (App. Div. 1986); <u>State v. Garcia</u>, 320 N.J. Super. 332 (App. Div. 1999)). In other words, <u>Nuñez-Valdéz</u> applies retroactively. <u>See ibid.</u>

Defendant cannot meet the first prong of the <u>Strickland</u> test. Because the guilty plea that forms the basis of his ineffective assistance of counsel claim was entered in 2005, before the U.S. Supreme Court decided <u>Padilla</u>, the <u>Nuñez-Valdéz</u> standard applies. Thus, to meet the first prong, defendant must show that his trial counsel affirmatively misadvised him regarding the plea's immigration consequences. Here, he merely alleges his counsel never

discussed the possibility that his guilty plea could result in deportation. Under the law as it was in 2005, this is not deficient performance.

Moreover, even if defendant's trial counsel's performance was deficient, defendant does not offer any evidence that this deficiency prejudiced him. He provided no facts or evidence to support the claim that he would not have pleaded guilty if further informed of the consequences and thus failed to show a reasonable likelihood of success of his Strickland claim.

Finally, we reject defendant's claim that he was entitled to an evidentiary hearing because he did not establish a prima facie case showing a "reasonable likelihood that his . . . claim, viewing the facts alleged in the light most favorable to [him], will ultimately succeed on the merits." R. 3:22-10(b).

To the extent we have not addressed defendant's remaining arguments, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2155-20